```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
CAROLYN FAYE WILLIAMS,                          NOT FOR PUBLICATION

                    Plaintiff,
                                                **MEMORANDUM & ORDER**
            v.                                  19-CV-5405 (MKB)

FAY SERVICING LLC, WILMINGTON TRUST
NATIONAL ASSOCIATION and
CONTINENTAL HOME LOANS,

                    Defendants.
---------------------------------------------------------------
```
MARGO K. BRODIE, United States District Judge:

Plaintiff Carolyn Faye Williams, proceeding *pro se*, commenced the above-captioned action on September 19, 2019, against Defendants Fay Servicing LLC, Wilmington Trust National Association, and Continental Home Loans. (Compl., Docket Entry No. 1.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a conspiracy to file false legal documents to deprive her of real and personal property and violations of the Fourth Amendment. (*Id.* at 3–4.)[1] On September 19, 2019 Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP Appl., Docket Entry No. 2.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

    **a. Factual background**

Plaintiff alleges that in or about August of 2013, Defendants conspired to "seize property

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

[,] securities[, and] an escrow account rightfully belonging to [Plaintiff]." (Compl. 4.) The alleged conspiracy "included the drafting of simulated legal documents with numerous Scrivener['s] errors, fictitious names[, and] a failure to comply with written closing instructions." (*Id.* at 4.) In addition, Defendants allegedly simulated "a legal process to foreclose[]" on property located at 171-24 104th Avenue in Jamaica, New York (the "Property"). (*Id.*) Plaintiff seeks damages, the return of her securities, and a declaratory judgment "authenticating her [] fee simple title" to the Property. (*Id.* at 5.)

    **b.   Procedural background**

This is Plaintiff's second action for the same claims relating to the Property. On August 5, 2019, Plaintiff filed a complaint against Defendants named in this action and an additional defendant, William Rhodes (the "August 2019 Action"), for their alleged role in "simulating a legal process to foreclose and sell" the Property. *See generally Williams v. Fay Servicing LLC*, No. 19-CV-4070 (E.D.N.Y. filed Aug. 15, 2019); (No. 19-CV-4070, Compl. 4, Docket Entry No. 1.) In the August 2019 Action, Plaintiff also alleged that "Continental Home Loans stopped [accepting] money from the account in which [Plaintiff] paid [her] bills in March of 2012, [and] said they would only [accept] the money from William Rhodes['] bank account." (No. 19-CV-4070, Compl. 4.) As with the current action, Plaintiff sought damages, the return of her securities, and a declaratory judgment as to the authenticity of her title to the Property. (*Id.* at 5.) By Order dated August 15, 2019, District Judge Brian M. Cogan dismissed the complaint in the August 2019 Action "[b]ecause [P]laintiff . . . failed to allege facts showing that defendants are state actors" and denied Plaintiff leave to amend on the grounds that amendment would be futile after concluding that "[d]efendants are going to remain private parties no matter what allegations [P]laintiff might add." (No. 19-CV-4070, Order dated Aug. 15, 2019, at 2*,* Docket Entry No. 4.)

II. **Discussion**

    a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

    b. **Plaintiff's claim is barred by the doctrine of res judicata**

The claims Plaintiff asserts in the Complaint were previously raised and dismissed in a prior action filed in the Eastern District of New York and are therefore barred by res judicata.

"The related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731

(2d Cir. 1998). Res judicata bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Hafez v. City of Schenectady*, 758 F. App'x 219, 220 (2d Cir. 2019) (quoting *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018)). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) (citation omitted). The Second Circuit has upheld a district court's authority to dismiss *sua sponte* a *pro se* complaint on res judicata grounds. *See Russo v. City of New York*, 705 F. App'x 38, 39 (2d Cir. 2017) (affirming the district court's *sua sponte* dismissal of complaint on res judicata grounds and noting that "the failure of a defendant to raise res judicata does not deprive a court of the power to dismiss a claim on that ground" (quoting *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998))); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (finding failure of a defendant to raise res judicata in an answer did not deprive the district court of power to dismiss the claim on that ground).

Other than Plaintiff's removal of William Rhodes as a defendant and allegations related to him, this action is identical to the August 2019 Action. (*Compare* No. 19-CV-4070, Compl. 4 (alleging a conspiracy including "the drafting of simulated legal documents with numerous Scrivener['s] errors, fictitious names[, and] a failure to comply with written closing instructions") *with* Compl. 4 (same).) As such, this action is barred by the doctrine of res judicata. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata

effects.") (citations omitted); *Justice v. United States*, No. 18-CV-5451, 2019 WL 955009, at * 4 (E.D.N.Y. Feb. 26, 2019) (noting prior dismissal of claims for failure to state claim constituted an adjudication on the merits); *Etheridge v. AlliedBarton Sec. Servs., LLC*, No. 12-CV-05057, 2013 WL 1235680 at *3 (E.D.N.Y. Mar. 28, 2013) ("'[D]ismissal for failure to state a claim for which relief can be granted is a final judgment on the merits.'" (quoting *Bryant v. United States*, 71 F. Supp. 2d 233, 237 (S.D.N.Y.1999))).

    c.   **Plaintiff fails to state a section 1983 claim**

Even if res judicata did not bar this action, it would nevertheless fail because, as Judge Cogan found in the August 2019 Action, Plaintiff's allegations do not and cannot satisfy the under-color-of-state-law element of a section 1983 claim.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege

facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

"To act under color of state law or authority for purposes of section 1983, the defendant must 'have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)); *see United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). "For purposes of § 1983, a private entity acts under color of state law if (1) 'the State compelled the conduct,' (2) 'there is a sufficiently close nexus between the State and the private conduct,' or (3) 'the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State.'" *Zhi Guo v. Indep. Chinese Pen Ctr. Inc.*, 662 F. App'x 9, 10 (2d Cir. 2016) (quoting *McGugan v. Aldana–Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)). "The fundamental question . . . is whether the private entity's challenged actions are fairly attributable to the state." *McGugan*, 752 F.3d at 229.

Plaintiff alleges that Defendants violated her Fourth Amendment rights in connection with a foreclosure on her property, and that "[l]awyers licensed to practice in New York . . . unjustly enriched themselves by . . . terrorizing [Plaintiff] into coerced submission." (Compl. 4.) However, Plaintiff does not allege that Defendants or their lawyers were governmental entities or acted in an official capacity as government employees. Because Plaintiff fails to allege facts showing that Defendants are state actors, Plaintiff does not state a plausible section 1983 claim. *See Williams v. Fay Servicing LLC*, No. 19-CV-4070 (dismissing August 2019 Action because Plaintiff failed to allege that the defendants were state actors under section 1983 and noting that any amendment would be futile because the defendants would remain private entities regardless of any allegations); *see also Azkour v. Bowery Residents Comm., Inc.*, 646 F. App'x 40, 41 (2d

6

Cir. 2016) (affirming dismissal of a section 1983 claim because the defendant was a private entity, not a state actor); *Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263–69 (2d Cir. 2014) (affirming dismissal of a section 1983 claim because the plaintiff failed to prove that the defendant's actions were state actions); *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been violated must first establish that the challenged conduct constitutes state action.").

Moreover, to the extent Plaintiff seeks to bring a section 1983 conspiracy claim, Plaintiff fails to allege facts showing: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambrello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002) (citation omitted).

Accordingly, the Complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 7, 2020
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge